1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10  STEPHEN JACQUETT,

11              Petitioner,                    No. CIV S-06-0998 FCD CMK P

12         vs.

13  ROBERT HOREL, et al.,

14              Respondents.        FINDINGS & RECOMMENDATIONS

15  _____/

16              Petitioner is a state prisoner proceeding without counsel and in forma pauperis

17  with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Currently before

18  the court is respondents' motion to dismiss the petition for failure to exhaust state judicial

19  remedies.  (Doc. 12.)  Petitioner filed a response on August 29, 2006.  (Doc. 13.)

20              The exhaustion of available state remedies is a prerequisite to a federal court's

21  consideration of claims sought to be presented in habeas corpus proceedings.  See Rose v.

22  Lundy, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b).  A petitioner can satisfy the exhaustion

23  requirement by providing the highest state court with a full and fair opportunity to consider all

24  claims before presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971),

25  Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir.), cert. denied, 478 U.S. 1021 (1986).

26  ///

In his habeas application, petitioner does not challenge his conviction.  Instead, he challenges decisions of the Board of Parole denying him parole.  Petitioner attached and cited transcripts from three parole consideration hearings–April 8, 1980, July 19, 2004 and February 24, 2006.  However, he challenges the February 24, 2006 decision of the Board, stating that "the Board was without sufficient evidence to deny parole to Petitioner at his last board hearing..." (Pet., pg. 26.)

Petitioner asserts in his response that the motion to dismiss should not be granted because he has attached a State Superior Court decision denying his July 2004 parole denial and a Court of Appeal, Fourth Appellate Division decision denying his July 2004 decision.  He argues that, therefore, the California Supreme Court's denial of his habeas petition could only concern the July 2004 parole denial. While this may be true, it is clear, even with a liberal construction of petitioner's habeas application that he intended to challenge his February 2006 denial.  Petitioner attached evidence of the February 26, 2006 hearing and stated that "the Board was without sufficient evidence to deny parole to petitioner at his last Board hearing..." Petitioner has not filed a petition with the California Supreme Court concerning the February 2006 parole denial.  Accordingly, petitioner has not exhausted his claims in state court.  See Picard, 404 U.S. at 276.

///
///
///
///
///
///
///
///
///

2

1    Accordingly, IT IS HEREBY RECOMMENDED that petitioner's application for

2  a writ of habeas corpus be dismissed without prejudice for failure to exhaust state remedies.

3    These findings and recommendations will be submitted to the United States

4  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

5  twenty days after being served with these findings and recommendations, any party may file

6  written objections with the court and serve a copy on all parties.  Such a document should be

7  captioned "Objections to Findings and Recommendations." Any reply to the objections shall be

8  served and filed within ten days after service of the objections.  The parties are advised that

9  failure to file objections within the specified time may waive the right to appeal the District

10  Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

11

12  DATED:   October 27, 2006.

13

14                                          _____

15                                          **CRAIG M. KELLISON**
                                           UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26